

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-73,880-03

### EX PARTE VICTOR HUGO MARTINEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W08-54099-K(C) IN THE NUMBER FOUR DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams and sentenced to eighteen years' imprisonment. The Fifth Court of Appeals affirmed, as modified, his conviction. *Martinez v. State*, No. 05-10-00829-CR (Tex. App.—Dallas Apr. 18, 2012) (not designated for publication).

After a review of the instant application, we deny Applicant's actual innocence claim[1] and dismiss his remaining claims under TEX. CODE CRIM. PROC. art. 11.07 § 4(a)(1).

Filed: May 25, 2016
Do not publish

---

[1] Applicant alleges that he is actually innocent based on the Supreme Court's decision in *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). In this situation, the claim of innocence itself does not provide the basis for relief, but is tied to a showing of constitutional error at trial. It is codified by TEX. CODE CRIM. PROC. art. 11.07, § 4(a)(2) – "by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt."